FILED
12/27/2018 11:48 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Victoria Angeles

Case 5:19-cv-00123-JKP-RBF   Document 1-1   Filed 02/12/19   Page 1 of 6

CIT PPS - SAC 1

CAUSE NO. 2018CI24094

| | | |
|---|---|---|
| KOONTZ MCCOMBS CONSTRUCTION, LTD., | § § § § | IN THE DISTRICT COURT, |
| Plaintiff, | § § | |
| v. | § § § | 438th _____ JUDICIAL DISTRICT, |
| ALLIED WORLD NATIONAL ASSURANCE COMPANY, | § § § § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, as its Original Petition against Defendant Allied World National Assurance Company ("AWAC"), states as follows:

### I.
### DISCOVERY LEVEL AND RULE 47 STATEMENT

1. Plaintiff requests that discovery in this lawsuit be conducted under Level 3 of Texas Rule of Civil Procedure 190 and hereby moves for the entry of a docket control order by the Court.

2. Plaintiff seeks monetary relief of more than $1,000,000. TEX. R. CIV. P. 47.

### II.
### PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is organized and exists under the law of Texas. Its principal place of business is located at 903 Basse Road, San Antonio, Texas 78212.

EXHIBIT 1

4. Defendant AWAC is an insurance company organized and existing under the laws of Delaware. AWAC is authorized to engage in, and engages in, the business of insurance in Texas. This action arises out of insurance business that AWAC conducted in Texas, including the issuance of the contract of insurance in favor of Plaintiff, a Texas resident, on which this action is founded.

5. AWAC can be served with process in this action by delivering the citation directed to it and a copy of this Original Petition to its registered agent for service of process in Texas:

> Corporation Service Company
> 251 Little Falls Drive
> Wilmington, Delaware 18908

6. This Court has subject matter jurisdiction because this is a breach of contract action and the amount in controversy exceeds this Court's minimum jurisdictional amount.

7. The insurance policy that is the subject of this suit was issued to and insures a Bexar County resident, the construction project that was the subject of the policy is located in Bexar County, and Plaintiff has sustained damages in Bexar County. Accordingly, venue is proper in Bexar County because a substantial part of the events underlying this suit occurred in this county.

### III.
### FACTUAL BACKGROUND

**A.   The Construction Project.**

8. Plaintiff was the general contractor for the construction of a building located in San Antonio, Texas.

2

622630.1
82576.00009

9. After the building was completed, it exhibited problems that were related to a leaking connection to a water main. The leakage resulted in foundation movement, with resulting damage to the structure.

10. The owner of the building then sued a number of parties, including Plaintiff. The owner in general contended that Plaintiff and the other parties it sued were liable for the damage to the building that resulted from the water leak.

**B.   Plaintiff's Insurance Coverage.**

11. Plaintiff maintained policies of insurance insuring it against claims of the sort asserted in the owner's suit over the building. In particular, Plaintiff had a primary insurance policy issued by Travelers Insurance, and certain excess policies.

12. Defendant AWAC issued its insurance policy No. 0305-3898 in favor of Plaintiff. This policy provided the first layer of Plaintiff's excess coverage. Under it, AWAC agreed to provide $25,000,000 in coverage for covered losses in excess of a $1,000,000 retained limit.

13. AWAC's policy period included the period of time relevant to the building owner's suit.

14. AWAC's policy covered Plaintiff for losses arising from the claims asserted against it in the owner's suit after exhaustion of the retained limit and any other collectible insurance covering Plaintiff.

15. AWAC was timely notified of the owner's claim against Plaintiff.

3

**C.   Exhaustion of the Retained Limit.**

16.   In 2018, the building owner's suit was settled after several mediations.

17.   By virtue of this settlement and other expenditures, including the cost of certain repair work by Plaintiff, the limits of the Travelers policy that provided Plaintiff's first layer of insurance coverage were consumed. Accordingly, the retained limit underlying the AWAC policy has been exhausted.

18.   Plaintiff has incurred covered losses for which it has not been reimbursed by its insurers.  AWAC has refused to cover these losses despite the fact that is liable to do so under the policy it issued to Plaintiff.

19.   There is no other collectible insurance available to Plaintiff.

## IV.
## CAUSE OF ACTION

20.   All preceding paragraphs of this Original Petition are incorporated herein by reference as if set forth verbatim.

21.   Despite the exhaustion of underlying insurance and the absence of other collectible insurance, AWAC has not paid Plaintiff for losses that are covered under its insurance policy.

22.   By virtue of the foregoing, AWAC has failed to comply with the contract of insurance between Plaintiff and it.

23.   AWAC's failure to comply with its insurance policy has caused actual damages to Plaintiff in in excess of this Court's minimum jurisdictional amount, for which Plaintiff seeks recovery herein.

24. By virtue of the foregoing, AWAC has violated Subchapter B of Chapter 542 of the Texas Insurance Code. Plaintiff therefore requests that it be awarded the relief set forth in section 542.060 of the Texas Insurance Code, including statutory interest on the amount of Plaintiff's claim at the rate of 18% per year.

25. Plaintiff is entitled to recover a reasonable fee for the reasonably necessary services of its attorneys in pursuing this claim, including all such fees relating to proceedings in the District Court, the Court of Appeals, and the Supreme Court of Texas.

## V.
## REQUEST FOR DISCLOSURES

26. Plaintiff requests that Defendant disclose the information and material described in Texas Rule of Civil Procedure 194.2 within 50 days of the service of this request.

## VI.
## CONDITIONS PRECEDENT

27. Pursuant to Texas Rule of Civil Procedure 54, Plaintiff generally avers that all conditions precedent to the filing of this action and the granting of the relief requested herein have been performed or have occurred.

## VII.
## **PRAYER**

28. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein and that the Court grant Plaintiff judgment awarding it:

    a. All actual damages resulting from Defendant's breach of its insurance policy;

    b. All statutory damages and penalties available under Chapter 542 of the Texas Insurance Code;

    c. Pre-judgment and post-judgment interest at the highest rates allowed by law on all sums awarded;

    d. Attorneys' fees, court costs, and expenses through trial and all appeal and review proceedings; and

    e. Any other or further relief at law or in equity to which Plaintiff justly is entitled.

Respectfully submitted,

*/s/ Jonathan D. Pauerstein*
Jonathan D. Pauerstein
State Bar No. 15637500
jpauerstein@rpsalaw.com
Cassidy R. Daniels
State Bar No. 24097567
cdaniels@rpsalaw.com
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry Ave., Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034

**ATTORNEYS FOR PLAINTIFF**

622630.1
82576.00009